**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| TYREESE LEARMOND,<br><br>        Plaintiff,<br><br>    vs.<br><br>EXPERIAN INFORMATION SOLUTIONS,<br>INC., and  FIDELITY BROKERAGE<br>SERVICES, LLC.,<br><br>        Defendants. | 4:26CV3138<br><br><br>ORDER |

This matter comes before the Court after review of the pending motions in this matter. First, Plaintiff has filed a Motion for Appointment of Counsel (Filing No. 18).  Plaintiff, proceeding pro se, requests that the Court appoint counsel to represent him because he is "procedurally indigent for Federal legal processes" and was granted an order to proceed in forma pauperis in state court prior to this case's removal.  (Filing No. 18; Filing No. 18-1).

"In civil cases, there is no constitutional or statutory right to appointed counsel."  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); see also *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  Rather, pursuant to 28 U.S.C. § 1915(e), a court "may request an attorney to represent any person unable to afford counsel."  *Id.*; s*ee also Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.  The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (cleaned up)).  In determining whether counsel should be appointed, the Court considers "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."  *Phillips*, 437 F.3d at 794.

At this stage in the proceedings, the Court does not deem it necessary to appoint counsel for Plaintiff.  Plaintiff has demonstrated, at least at this point, that he can adequately present his claims to the Court, evidenced by filing a Complaint outlining his claims, and by his filing of various motions with citations to supporting case law.  See, e.g., *Mosby v. Mabry*, 697 F.2d 213, 214–15 (8th Cir. 1982) (per curiam) (where plaintiff demonstrated familiarity with caselaw and

judicial procedure, failure to appoint counsel not an abuse of discretion). The issues raised by Plaintiff's Complaint are not particularly complex, legally or factually. Plaintiff's claims all arise out of his allegations that he properly canceled his membership with Experian on February 1, 2025, but that Experian completed two additional unauthorized electronic fund transfers from Plaintiff's debit card account on March 22, 2025, and September 11, 2025, totaling $49.98. Plaintiff further alleges he notified his financial institution, Fidelity Brokerage Services LLC, of these unauthorized transfers but Fidelity failed to investigate, take corrective action, or return Plaintiff's funds.

Experian removed this case from state court on April 30, 2026, because Plaintiff alleges violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693 et seq. in addition to state law claims. (Filing No. 1). Fidelity has filed a motion to compel arbitration, asserting Plaintiff's account is governed by a customer agreement containing an arbitration provision. (Filing No. 7). Plaintiff has filed a motion to remand this case back to state court, (Filing No. 16), and has also filed a brief opposing Fidelity's motion to compel arbitration, (Filing No. 27). Considering that the Court must resolve these various procedural and legal issues to determine how this case will proceed, and considering the factors outlined above, Plaintiff's request for appointment of counsel will be denied at this time.

Fidelity has filed a Motion for Extension of Time (Filing No. 29) asking that the Court extend its deadline to file a reply brief in support of its motion to compel arbitration until after the Court issues a final ruling on Plaintiff's motion to remand. The Court sees no reason why Fidelity's reply brief should await its ruling on Plaintiff's motion to remand, as either this Court or the state Court must rule on Fidelity's motion, which is premised upon the "clear terms of the Customer Agreement." (Filing No. 8 at p. 3). Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Appointment of Counsel (Filing No. 18) is denied.
2. Defendant Fidelity Brokerage Services LLC's Motion for Extension of Time to File Reply Brief (Filing No. 29) is denied.

Dated this 12th day of May, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge