IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYREESE LEARMOND,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY BROKERAGE SERVICES, LLC,<br><br>Defendant. | **4:26CV3138**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on (1) plaintiff Tyreese Learmond's ("Learmond") *pro se* Amended Motion to Remand (Filing No. 16) this case to the District Court of Lancaster County, Nebraska, from whence it was removed (Filing No. 1), *see* 28 U.S.C. §§ 1331, 1367, 1441, 1446, and (2) defendant Fidelity Brokerage Services, LLC's ("Fidelity") Motion to Compel Arbitration (Filing No. 7) pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* The Court referred both motions to the magistrate judge[1] for review. *See* 28 U.S.C. § 636(b)(1) (authorizing referral of such pretrial matters); Fed. R. Civ. P. 72 (same).

On July 15, 2026, the magistrate judge entered a Findings and Recommendation (Filing No. 42), recommending the Court deny Learmond's motion and grant Fidelity's.[2]

---

[1]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

[2]In doing so, the magistrate judge recognized that the Court generally treats motions to remand as dispositive, *see Conserv Flag Co., LLC v. Twin City Fire Ins. Co.*, No. 7:24CV5004, 2024 WL 3717185, at *2 (D. Neb. Aug. 5, 2024), and motions to compel arbitration as non-dispositive, *see Berkshire Hathaway Homestate Ins. Co. v. Messer-Bowers Co.*, No. 8:24CV295, 2025 WL 1592040, at *3 (D. Neb. June 5, 2025), but treated both motions as dispositive "in an abundance of caution."

In that vein, he further recommends that the parties go to arbitration and provide periodic status updates while these proceedings are stayed.

Learmond timely objected to the Findings and Recommendation on multiple grounds (Filing Nos. 43-46). Fidelity contends his objections are without merit (Filing No. 48).

After careful de novo review, *see* 28 U.S.C. § 636(b)(1) (requiring such review of "those portions of the . . . specified proposed findings or recommendations to which objection is made"); Fed. R. Civ. P. 72(b)(3) (same), the Court agrees. Put simply, the Court agrees with the magistrate judge that this case was properly removed to federal court, *see* 28 U.S.C. § 1441(c); *Hunter v. Page County*, 102 F.4th 853, 868 (8th Cir. 2024), and that Learmond's "claim against Fidelity . . . falls squarely within the scope of the arbitration clause" in the customer agreement he signed, *see Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022) (explaining "a court must hold a party to its arbitration contract just as the court would to any other kind"); *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1198 (8th Cir. 2008) ("A court must grant a motion to compel arbitration if a valid arbitration clause exists which encompasses the dispute between the parties" (citing 9 U.S.C. § 4)).

Contrary to Learmond's contention, Fidelity did not waive its arbitration rights by consenting to removal. *See Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1087 (8th Cir. 2021) (explaining that a party can waive its arbitration rights by substantially invoking the machinery of litigation before asserting them but that any doubts about waiver "should be resolved in favor of arbitration" (quoting *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1090 (8th Cir. 2007) ("A party substantially invokes the litigation machinery when, for example, it files a lawsuit on arbitrable claims, engages in extensive discovery, or fails to move to compel arbitration and stay litigation in a timely manner.")), *abrogated on other grounds by Morgan*, 596 U.S. at 417).

For the foregoing reasons,

IT IS ORDERED:

1. Plaintiff Tyreese Learmond's objections (Filing Nos. 43-46) are overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 42) is accepted.
3 Learmond's *pro se* Amended Motion to Remand (Filing No. 16) is denied.
4. Defendant Fidelity Brokerage Services, LLC's Motion to Compel Arbitration (Filing No. 7) is granted. The parties are directed to proceed to arbitration in accordance with the terms of their agreement.
5. This case is stayed pending arbitration.
6. The parties shall file a joint status report regarding the progress of arbitration proceedings every ninety (90) days beginning November 2, 2026.

Dated this 31st day of July 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge